*Isaac Caldwell, W. W. Thum, Goodloe & Roberts, for appellee.*

---

## J. K. FERGUSON, ET AL. *v.* W. S. BUTTERFIELD, ET AL.

[Abstract Kentucky Law Reporter, Vol. 7—98.]

**Partition of Real Estate.**

> One joint owner of real estate, who is a married woman, can not prevent a sale of indivisible real estate by withholding her consent to such sale.

APPEAL FROM LOUISVILLE CHANCERY COURT.

May 2, 1885.

OPINION BY JUDGE HOLT:

The appellee, W. S. Butterfield, being the owner of an undivided one-third interest in a house and lot in the city of Louisville, brought this action against the other joint owners, asking a decree for its sale upon the ground that it was indivisible. The appellants, Ferguson and wife, who also own an undivided one-third, in right of the wife, first filed an answer in which they substantially consented to the sale, by asking that in the distribution of the proceeds there be first allowed to them the amount theretofore paid by them as taxes, and for repairs upon the property. They also asserted a counterclaim against Butterfield for their proportionate part of

the value of the previous use by him of the property, and caused an attachment therefor to be levied upon his interest in it.

By an amended answer they resisted a sale of the property, upon the ground, that although indivisible, yet that it could not be sold without the consent of Mrs. Feguson, as she was a married woman. The other joint owners consented to the sale. It is admitted by all the parties, that it is indivisible. It is urged at the threshold, that the petition is defective in failing to allege that the parties to the action are in possession of the property. This point is now for the first time raised. There was no demurrer to the petition, or any motion to make it more specific; and the answer in no way questions its sufficiency. It does not in express terms allege that the parties are in possession, but states facts which show that they hold it by fee simple title; and if it was defective in this respect, it is certainly cured by the answer of appellants, because it states it is held by the plaintiffs and defendants in coparcenary.

In reality, therefore, the single question presented is, whether one joint owner, who is a married woman, can prevent a sale of indivisible property by withholding her consent to it.

It is urged that Chap. 63 of the General Statutes does not authorize it; that Sec. 490 of the Civil Code does not embrace such a case, and that if it did it would be unconstitutional, as giving a right, when the object of the code was merely to regulate the practice in actions.

The 6th Sec. of Art. 5, Chap. 63, certainly gives the power to sell indivisible property, jointly held, although a married woman is interested in it. The difficulty arises from the fact that it provides that "in case a married woman hath an interest, whether adult or infant, the cause shall proceed as prescribed in Art. 4 of this chapter, so far as regards her share," and when we turn to Article 4 of the chapter, it, among other matters, provides that no judgment of sale shall be rendered, until the feme covert files an answer consenting to the sale, and shall acknowledge it upon privy examination before the court or judge.

It will be noticed, however, that it is provided that Art. 4 shall control the proceedings only "so far as regards her share." It certainly was only intended that it should do so, so far as its provisions were properly applicable to cases falling within the scope of Sec. 6 of Art. 5, which authorizes the sales of property so held, when indi-

visible, and in our opinion the proviso, that in the case of a married woman the cause should proceed as provided in said Article four, only related to securing her share of the proceeds, which is provided for in the last-named article, and which can be done as well after as before the sale. It is true that there is some difficulty in reconciling the two articles so as to authorize a sale in case the married woman does not consent; but even admitting that the above view is incorrect, yet the fact remains that the statute has authorized the sale of property so held, and the reference to Art. 4, relates only to the procedure; and when we turn to the Code of Practice, we find that it provides when and how the sale of property so held may be made.

Sec. 490 says: "A vested estate in real property, jointly owned by two or more persons, may be sold by order of a court of equity, in an action brought by either of them, though the plaintiff or defendant be of unsound mind, or an infant.

"1. If the share of such owner be worth less than one hundred dollars.

"2. If the estate be in possession and the property can not be divided without materially impairing its value, or the value of the plaintiff's interest therein."

It is urged that since it says, "though the plaintiff or defendant be of unsound mind or an infant," that it was not intended to include married women, or it would have named them; that the naming of the one includes the other. But the section relates generally to the property of all persons, and any exception to it, it is to be presumed, would have been named. Moreover, Sec. 493 of the Code relates to sales of land under Sec. 490, and therein speaks of married women; and while it must be construed to relate exclusively to infant married women when speaking of women, yet it shows that Sec. 490 was intended to relate to married women. This is also conclusively shown by Sec. 497 of the Code, which relates to sales under Sec. 490, supra, and expressly refers to it; and sub-sec. 3 of said Sec. 497 says that "the proceeds when received by a married woman, shall be her separate property."

There can be no doubt in view of the other sections above named, that Sec. 490 was intended to and does embrace cases where married women are interested in the property; and if the power to sell were alone given by said section, we should hesitate to hold it

unconstitutional in view of the fact that it has long remained un-questioned, and the titles to a vast amount of property depend upon its validity.

In the case in hand, however, the power to sell is given by the statute; the reference in the article of the statute giving the power to another article of the statute, is only as to the mode of procedure; and unquestionably this could be altered by the provisions of the subsequently adopted code of practice.

It was the part of wisdom in the legislature to provide for sales in cases like this one, whether the married woman consented or not; thereby preventing strife and disagreement by a compulsory hold-ing of property in common, and the frequent sacrifice in value of property interests.

Judgment *affirmed.*

*C. B. Seymour,* for appellant.

*John B. Baskin,* for appellee.